FLORA B. HANEY, BY WILLIAM A. CHAPPELL AS NEXT FRIEND, AND JOEL CLEMENS v. DAVID M. ROY.

*Estoppel from relying on stipulation—Patent inuring to mortgagee's benefit.*

The purchaser of land paid part of the purchase price and for the rest gave notes secured by a mortgage on the land. Indorsed on the mortgage was a stipulation that it should not be foreclosed until the mortgagee had removed all clouds on the title. The land was part of a railway grant which reverted to the Government and was released by Congress to the State. During his occupancy the purchaser obtained a deed from the railway company to strengthen his title, and when the holders of the mortgage sought to remove the cloud, as they did at the earliest opportunity, he refused to permit them to do so in his name, and the attempt failed in consequence. Meanwhile, relying on his two deeds and his possession, he took a patent to it himself as pre-emptioner. *Held,* on a bill to foreclose that he was estopped from relying on the stipulation, as he had tried to prevent its fulfilment; *also,* that his patent inured to the benefit of the mortgagee, the more so, as the mortgagee's deed enabled him to obtain it.

Appeal from Muskegon. (Russell, J.) June 25.—September 23.

FORECLOSURE bill. Complainants appeal. Reversed.

*J. W. & O. C. Ransom* for complainants. A title subsequently acquired by the mortgager inures to the benefit of the mortgagee by virtue of the covenants in his mortgage, and is subject to foreclosure; and even a subsequent purchaser from the mortgager under his after-acquired title, having notice of such mortgage, stands in no better position

than the mortgager himself: *Tefft v. Munson* 63 Barb. 31; *Hitchcock v. Fortier* 65 Ill. 239; *M'Crackin v. Wright* 14 Johns. 194; where one having a claim to land in Missouri, under a Spanish grant, made a mortgage, and afterwards Congress confirmed the claim, it was held that the confirmation inured to the benefit of the mortgagee rather than to the benefit of his heirs solely: 1 Jones Mort. § 679; *Massey v. Papin* 24 How. 362.

*Cook, DeLong & Fellows* for defendant.

CHAMPLIN, J. We find the facts so well stated in the brief of complainants that we adopt them in this opinion:

"On the 9th day of September, 1867, Augustus D. Griswold and wife conveyed by warranty deed to Mary A. Haney the N. E. ¼ of the S. E. ¼ of section 9, in town 9 N., of range 16 W. Mary A. Haney conveyed the same premises by warranty deed to Hiram H. Haney, on the 12th day of January, 1869, who soon thereafter went into possession of and cultivated the same and built a house thereon, in which he resided with his family until he sold and conveyed the said premises to the defendant, David M. Roy, as hereinafter stated. On the 29th day of April, 1872, Hiram H. Haney sold and conveyed said premises by warranty deed to the defendant, David M. Roy, and at the same date Roy executed and delivered to Hiram H. Haney his promissory notes for the sum of $700; also a mortgage on said premises for that amount to secure that amount of the purchase price. The notes and mortgage were reduced by payment by Roy, from time to time, down to the sum of $400, represented by promissory notes, four in number, of $100 each, payable as follows: One payable January 1, 1874; another, January 1, 1875; and another, January 1, 1876; and another, January 1, 1877,—with interest at 7 per cent. per annum, from date, until paid.

This bill is filed to foreclose the mortgage in default of the payment of the above amount, with the interest thereon. Upon the margin of the mortgage is indorsed the following memorandum: 'In consideration of the sale of the said premises to the said David M. Roy, and the sum of one dol-

lar, the receipt whereof is hereby acknowledged, I hereby expressly agree with said Roy that I, my heirs, executors, administrators and assigns, will not foreclose this mortgage until I shall have first removed all clouds on his title to said premises,'—and is signed by the said Hiram H. Haney. The first two notes accompanying the mortgage were paid after the execution of this memorandum, leaving $400 of the principal sum unpaid, as before stated. On the 28th day of March, 1874, Hiram H. Haney assigned the mortgage and the four notes remaining unpaid to Isabella Haney, his wife, who thereafter was the owner thereof. After such assignment, and on the first day of April, 1874, Hiram H. Haney died at the township of Leighton, Allegan county, Michigan, leaving his widow, Isabella Haney, and the complainant, Flora B. Haney, his only child him surviving, and no other heirs. Isabella Haney (widow of said Hiram H. Haney, and mother of complainant, Flora B. Haney) died on the 21st of February, 1881, at the same township and in the same county last named, leaving her daughter, complainant Flora B. Haney and complainant Joel Clemens, who was the husband of said Isabella Haney at the time of her death, and one other child, of the age of two years, of her begotten by complainant Joel Clemens, her husband, her surviving, and no other heirs. The child last named died soon after the death of its mother, and a little more than a year before the commencement of this suit, so that complainant Flora B. Haney, her daughter by her first husband, and Joel Clemens, her husband at the time of her death, were her only heirs. The said Isabella Clemens (formerly said Isabella Haney) died, being the owner and possessed of said mortgage and notes, and left no debts whatever, or other claims against her estate. The said Flora. B. Haney and Joel Clemens, therefore, are now the owners of said notes and mortgage, and bring their bill in this case to foreclose the same. The defendant, Roy, upon receiving conveyance of the land, and executing and delivering the mortgage and promissory notes, went into possession of the premises, and from that time forth has cultivated and enjoyed. the same by virtue thereof.

The mortgaged premises are a portion of the 'Detroit & Milwaukee Railway Company lands,' so called, referred to in Act No. 275 of the Session Laws of 1881. This appears to have been understood by the parties at the time of the conveyance by Haney to defendant, and at the time of the execution of the mortgage and notes by defendant to Haney, and the memorandum on the margin of the mortgage probably arose from an uncertainty as to the outcome of the title to these lands, derived through Griswold, Bowes and others who at different times claimed to own the same. It is unnecessary to go into a history of the difficulty in the title of these men, any further than to refer to the cases of *Bowes v. Haywood* 35 Mich. 241; *Fenn v. Kinsey* 45 Mich. 447. These decisions held that the conditions attached to the grant to the State of these lands for railroad purposes, by act of Congress of June 3, 1856, and attached to the act of the Legislature of the State of Michigan of February 14, 1857, by which the lands were ceded to the railroad companies therein named, had not been complied with, and that the United States had still a reversionary interest in them. As a result of these decisions, the Congress of the United States on March 3d, 1879, released to the State of Michigan the reversionary interest of the United States in these lands. 20 U. S. Stat. at Large 490. And, after this act of Congress, the State of Michigan confirmed to actual settlers on the lands referred to the titles derived from the persons above named upon payment to the State of the nominal sum of ten cents per acre, and releasing to the State all claims for taxes thereon. Act No. 275 of 1881.

It will be seen that the passage of the last-named Act of Congress, and of the last-named Act of the Legislature of the State, afforded the first opportunity complainants had of removing the cloud upon defendant's title to the mortgaged premises. Accordingly, on or about the 14th day of February, 1882, William A. Chappell, the general guardian of complainant, Flora B. Haney, applied to the defendant for the right to make, in the name of the defendant, an application under said act to the commissioner of the general land-office

of the State for a patent to said defendant from the State for such mortgaged premises, or that the defendant should himself apply under the act for such patent, and he, said William A. Chappell, in the interest of complainants, would pay the expense thereof, and then and there offered to procure to be removed all clouds from the title to said premises without expense to defendant; but defendant refused to accede to such request, saying he should pre-empt said land as a settler thereon.

But nevertheless, Mr. Chappell, as such guardian, made such application on or about the 16th day of February, 1882, to the commissioner for a patent to defendant under said act. In such application it became necessary by the provisions of the act as construed by the commissioner, to procure from defendant a relinquishment in writing by him to the State of all claims for a rebate of taxes which he had paid upon the premises, and for that purpose he applied to the defendant, on or about February 27, 1882, for such relinquishment, to enable him to perfect such application, but he refused so to do. Application, however, was made by the guardian, with the means at his command, but failed. Nevertheless, the defendant himself afterwards made application for said patent, and the same was issued to him under the act, by reason solely of his possession of the premises, derived from Hiram H. Haney under the conveyance thereof to him by said Haney, which patent bears date February 28, 1882."

The defendant is estopped by his own conduct from asserting that complainants have not complied with the memorandum endorsed on the mortgage by removing all clouds on the title before the mortgage should be foreclosed. He refused to permit his name to be used in the application for a patent under the legislation enacted to quiet titles to the lands of which these formed a part. He refused to sign a relinquishment of the taxes made necessary under the Act, and the rulings of the Land Department of the State of Michigan. He refused to furnish a deed in his possession, which was deemed necessary to perfect the application under the Act of

1881. He thus prevented the complainants from obtaining a patent to him from the State, by which all clouds upon his title to the premises would be removed. The defendant, on the 4th day of September, 1874, of his own volition, obtained a deed from William R. Bowes, trustee of the Port Huron & Lake Michigan Railroad Company, which purports to be for the consideration of fifty dollars. He thus held two of the titles referred to in Act No. 275 of 1881, which gave him preference over the holder of any one title, if any there should be. He obtained a patent from the State bearing date February 28, 1882, for which he paid four dollars. This patent inured to the benefit of the mortgagee upon well-settled principles of law. 1 Jones on Mortgages § 679 ; *Tefft v. Munson* 63 Barb. 31; *Hitchcock v. Fortier* 65 Ill. 239 ; *McCrackin v. Wright* 14 Johns. 194; *Massey v. Papin* 24 How. 362.

Besides, his right to a patent accrued under the title and possession he obtained through the Griswold deed, as well as under the Bowes deed, and the title through the Griswold deed was just as efficient for the purpose of obtaining the patent as if no deed from Bowes had been obtained. The complainants state in their bill of complaint that they are willing to allow defendant the fifty dollars paid for the Bowes deed and the four dollars paid the State on obtaining the patent and also all other necessary expenses in obtaining the same. There is nothing appearing in the record that shows any other expenses were incurred, and therefore nothing can be allowed therefor.

The decree of the circuit court must be reversed, and a decree of foreclosure entered, in accordance with the prayer of the bill, for the amount due on the four promissory notes stated and set forth in the bill, less fifty dollars and interest thereon at seven per cent. from September 4, 1874, and four dollars and interest thereon at seven per cent. from February 28, 1882; complainant to recover costs of both courts.

The other Justices concurred.