SARAH C. TOMS, EXECUTRIX, v. JAMES G. BOYES, HEIM VANDERHAAR AND HERMANUS BOONE.

*Failure of title to land sought to be subjected to lien of purchase money mortgage. If title afterwards validated, mortgagor cannot collect interest during interim, on mortgage.*

1. Where, at date of the execution of a purchase money mortgage, the mortgagee had no title to the land which he assumed to convey to the mortgagor, which land was then wild and uncultivated, but some years afterwards, by act of the Legislature, such pretended title was validated and held to be effectual from the date of the patent issued thereunder.

   *Held,* in a suit brought to subject said land to the lien of said mortgage, that interest could only be collected thereon from the date of said patent; it appearing that if the use of the land was of any value to the mortgagor from date of original purchase to that of the patent, it was because of improvements made by him thereon.

2. A complainant asking the aid of equity should be required to do equity.

Appeal from Ottawa. (Arnold, J.) Argued Jan. 12, 1886. Decided Jan. 27, 1886.

Complainant appeals. Decree affirmed.
The facts are stated in the opinion.

*R. W. Boynton and William J. Gray*, for complainant:

An act of Congress confirming a void title, already given, validates it at once to the benefit of the assignee of the confirmee: *Stoddard v. Chambers*, 2 How. 284; *Bissell v. Penrose*, 8 How. 606; Jones on Mortgages, 1–679; *Landes v. Brant*, 10 How. 348; *Massey v. Papin*, 24 How. 362.

The validity of the mortgage in suit can be sustained by our own State decisions: *May v. Specht*, 1 Mich. 187; *May v. Tillman*, Ib. 262.

The circuit court had no right to cut off $700 of interest any more than it had to disallow a portion of the principal: *Haney v. Roy*, 54 Mich. 635.

*P. H. McBride* and *J. C. Post*, for defendants:

He who seeks equity must do equity. The mortgage was given August 1, 1867, to secure purchase money; and the mortgagor received no consideration for the same, the land belonging to the State. The mortgage was worthless, and would have remained so but for the act of the Legislature of 1881, and the mortgagor's action under it in 1882. During the time the title was in the State it would be inequitable to charge the mortgagor with interest on the mortgage.

CHAMPLIN, J. The bill in this case is filed to compel a release or quit-claim, from defendants, of certain lands described in a mortgage dated August 1, 1867, made by defendant Boyes to A. D. Griswold, to secure the payment of $540, with interest at ten per cent., claimed to be due for the purchase price of said land, or to declare a first lien thereon and a sale thereof to satisfy such lien.

The mortgage was duly assigned in November, 1867, by Griswold to George Jerome, and by him, in July, 1869, to Robert P. Toms. The mortgage and assignments were duly

recorded, shortly after their respective dates, in the register's office of Ottawa County, in which the premises are situated.

These premises are part of the so-called "Detroit & Milwaukee Railroad Lands," referred to in act No. 275 of the Session Laws of 1881, and their history sufficiently appears in *Griswold v. Fuller*, 33 Mich. 268; *Bowes v. Haywood*, 35 Mich. 241; *Fenn v. Kinsey*, 45 Mich. 446; *Haney v. Roy*, 54 Mich. 635.

In 1870, Robert P. Toms filed a bill to foreclose the mortgage. The defendants were personally served, a decree of foreclosure entered, and a sale was made thereunder, at which Toms became the purchaser for $77, leaving a large deficiency due upon the decree. No steps were taken by Toms to obtain possession under his commissioner's deed, but he obtained a deed from William R. Boyes, who was the rival claimant of Griswold to these railroad lands. Boyes, however, remained in undisturbed possession of the land, and made extensive and valuable improvements thereon.

On the twenty-fifth of February, 1882, defendant Boyes obtained a patent from the State for the lands covered by his deed from Griswold, under the provision of act No. 275 of the Session Laws of 1881, section 1 of which provides that "such patent shall confirm and make valid and effectual the title and conveyance originally held, from the date thereof." On the same day Boyes mortgaged to defendant, Vanderhaar, the lands in section 33, and to defendant Boone the land in section 27, being all the land covered by the patent. Afterward complainant filed this bill for the purpose stated above.

The circuit judge entered a decree, upon pleadings and proofs, that the complainant's mortgage was a first lien upon the land, and that a sale be made to pay the principal, and interest at ten per cent. from and after February 28, 1882, being the date of the patent from the State. The complainant is not satisfied with this, and has appealed to this Court, and insists that she is entitled to interest at ten per cent. from the date of the mortgage, namely from August 1, 1867. Defendant does not appeal.

There is no evidence in the case tending to prove the ren-

tal value of the premises from the time Griswold sold to Boyes to 1882. It appears that at the time of the sale it was wild and uncultivated land, and that by the labor and exertions of defendant, Boyes, the improvements made by him were worth, in 1882, $2,200. The whole purchase price, in 1867, was $720, one quarter of which was paid down, leaving $540, which was secured by the notes and mortgage in question.

The bill of complaint alleges that " the title of the said Augustus D. Griswold in and to the said lands conveyed by him to said James G. Boyes as aforesaid was invalid." It is also true that this title remained invalid until, by the united act of the Legislature and Boyes in providing for issuing and obtaining the patent therefor, the title and conveyance from Griswold to Boyes was declared valid and effectual from its date. As ruled by this Court in the decisions above referred to, Griswold, at the time of his sale to Boyes, had no title whatever. The defendant's title, through the patent issued to him, came, not from Griswold, but from the State and by virtue of the legislation of Congress and the State. It was intended for the relief of those purchasers who had, in reliance upon the pretended title of Griswold and others, gone into possession and made valuable improvements thereon,—a class of people who were mostly poor, and who, through the failure of the Griswold title, would lose all they possessed. It was this deluded and yet deserving class of our citizens that the legislation referred to was intended to benefit, and not those who had deluded them into purchasing worthless titles. And were it not for the statute confirming and making effectual such original titles, from Griswold and others, from their date, there would be no foundation whatever for the validity of their mortgages to rest upon. While we recognize the force of this clause of the statute, we are not inclined to extend its scope beyond what equity and good conscience require. And we can see no equity in requiring the defendant to pay interest, at ten per cent., upon the purchase price of land of which the seller had no title whatever, from the time of sale in 1867 to 1882.

It is urged that the defendant has had the use of the premises in the meantime, and therefore the defendant ought to pay interest during the same time. But, as before observed, there is no evidence in the case showing that the use and occupation of the premises was of any value whatever, and manifestly they were not until the defendant had by his labor cleared the land, and by the expenditure of his labor rendered it fit for cultivation. Had complainant's assignors given or granted any consideration whatever to defendant, which he had used and enjoyed, the case would present a different aspect.

The case of *Haney v. Roy*, 54 Mich. 635, is cited as an authority for the position assumed by complainant.

We see no analogy between the two cases upon the point in dispute. It by no means follows that because the mortgage from defendant Boyes, to Griswold, is validated by reason of the act of the Legislature confirming the Griswold deed from its date, that the mortgage should be enforced in the same manner it should be if valid in its inception. We think the court below placed the relief granted upon the correct ground. The complainant asks the aid of a court of equity, and, as a condition of granting relief, it is proper that she should be required to do equity, and we think she is accorded the full measure of equity when she is allowed interest upon the balance due from the time her security had any legal effect.

The decree of the circuit court should be affirmed, with costs.

MORSE and SHERWOOD, JJ., concurred.

CAMPBELL, C. J.    I think that the complainant was entitled to recover the face of the mortgage debt, with interest from its date. The remedy in equity to foreclose a mortgage is in no sense one of discretion. It is as much a matter of right as an action at law, and the debt itself should be enforced as at law. It cannot be said that there was no consideration for the note in controversy. The purchaser, whether his title was originally valid or not, obtained substantial rights, and

these were the foundation of the patent finally issued by the State. I do not know of any process whereby such a debt can be scaled down or held invalid, merely because the maker got something of less value than he supposed. It is not assailed for fraud, and there was a valuable consideration incapable of subdivision so long as the contract of sale was not set aside.