HENRY WEBSTER v. MINOR S. NEWELL, COMMISSIONER OF THE STATE LAND OFFICE.

66  503
119  214
66  503
120  507

*Public lands— Confirmation of void title—Selection of lands— Practice in State land office—Equity—Injunction—Mandamus.*

1  The rules of practice in the State land office, and the decisions of the Supreme Court bearing upon selections of lands, have reference to selections authorized or required to be made under the authority of some law of or grant from the government, either State or national ; and when such selections embrace a greater quantity than is included in the grant, the lands must be taken from the list in the order in which they occur upon the lists filed.

2. The Legislature did not intend by Act No. 197, Laws of 1883, to make a sale of the land therein referred to, in the ordinary acceptation of the term, but rather to confirm a title which without the statute was nugatory.   *Toms v. Boyes*, 59 Mich. 389.

3. The rules relating to selections of land adopted in the State land office do not apply to selections under the act cited ; and a grantee or purchaser of several tracts of land has the right to select from the descriptions in his deed or contract, not exceeding the 160 acres limited by said act, and the commissioner should allow him so to do.

4. Act No. 197, Laws of 1883, does not contemplate the selection of any division less than a subdivision recognized by the practice in the general land office of the United States, and the least subdivision so recognized, except in cases of fractional lots, is 40 acres.

5. The Commissioner of the State Land Office, after refusing to allow a claimant to make a selection of lands under Act No. 197, Laws of 1883, and making such selection for him, advertised the remaining lands for sale under section 5 of the act.

*Held*, that the equity court will enjoin such sale until such claimant can make his selection under the act.

6. Where nothing remains but the enforcement of a *legal* duty, the remedy is by *mandamus*.

Appeal from Muskegon. (Russell, J.) Argued April 27, 1887. Decided June 23, 1887.

Injunction bill, and for other relief. Decree sustaining demurrer reversed, and record remanded, with leave to answer. The facts are stated in the opinion.

*R. W. Boynton*, for complainant.

*Moses Taggart*, Attorney General, for defendant.

CHAMPLIN, J. The Congress of the United States granted to the State of Michigan certain lands to aid in the construction of railroads in the State. Act of Congress of June 3, 1856, and also of March 4, 1879. The Legislature of the State of Michigan conferred the lands upon certain railroad corporations to aid in the construction of the roads therein mentioned, and, among others, a portion of such lands were granted to the Detroit & Milwaukee Railway Company.

The title to these lands became involved in dispute. Litigation followed, in which the title of innocent purchasers and actual settlers was found to be nugatory. For the purpose of relieving such parties, the Legislature passed Act No. 197 at its session of 1883. The third section of this act provided that any person who shall have purchased, in good faith, by deed or by contract, any of the said lands from Augustus D. Griswold, William R. Bowes, trustee, or his successor, or Amos Gould, or the grantees of either of them, previous to the twenty-ninth day of January, A. D. 1881, shall have patents issued to them for the lands described by their respective purchases, but not to exceed 160 acres. The act provided what proof should be made, and also for the

payment to the State Treasurer of 10 cents an acre, and taxes since the date of the original purchase in certain cases.

The complainant filed his bill of complaint against defendant as Commissioner of the State Land Office, setting up that he is a purchaser in good faith of the north fractional half of the north-east quarter of section 1, in town 10 north, range 16 west, and of the south-east quarter of the north-east quarter, and the north-east quarter of the south-east quarter, of section 27, and the south-east quarter of the south-west quarter of section 23, in town 9 north, range 16 west, all in the county of Muskegon and State of Michigan; that he became such purchaser on or about the first day of December, 1880; that he has complied with the conditions of the above-named act, and requested a patent therefor; that he made no selection at the time of any particular 160 acres, and was not requested by the commissioner to make selection; that on or about June 12, 1884, he was informed by the deputy of said commissioner that, as no selection had been made by complainant, the commissioner had made such selection, in accordance with the rules of his office, by taking the first-mentioned description, which contained 122 acres, which, as he informed complainant, was all the land to which he was entitled; that complainant, by his agent, requested the privilege of making the selection, which was refused. He also asked for land sufficient to make up the 160 acres, which was also refused, but said commissioner has advertised the balance of said land at public auction, claiming to act under the authority of said act.

The bill prays for an injunction against such sale until complainant is allowed to select the full amount of 160 acres; and that the commissioner be decreed to issue a patent for the lands thus selected.

The defendant demurred to the bill, and for special cause shows:

1. That it does not show what particular claim or interest complainant was entitled to, if any, in the lands therein described.

2. That he shows no selection of the land covered by the deed, and no compliance on his part with the requirements of the act, entitling him to relief from a court of equity.

3. That the cause of complaint, as alleged, is not one within the cognizance of the court, and that the court has no jurisdiction to afford relief in this form of action.

4. That the prayer for an order requiring a patent to issue for the lands described in the bill is without authority, and insufficient.

5. For want of equity.

The circuit court sustained the demurrer, and complainant appealed.

The conveyance to complainant embraces four distinct parcels of land,—three 40-acre tracts, and a fractional half-section, containing 122 acres by government survey. The deed was made prior to the legislation of 1881 and 1883,[1] and the descriptions contained therein had no reference to any selection authorized or required by law to be made. The rules of practice in the State land office, and the decisions of this Court bearing upon selections of lands, have reference to selections authorized or required to be made under the authority of some law or grant from the government, either State or national. When such selections are made which embrace a greater quantity than is included in the grant, the rules of the office and the holding of the Court have been that the lands must be taken from the list in the order in which they occur upon the lists filed; because the evident intent in making and filing the list was to select the lands in the order listed. But here the case is different. There was no intent in making or receiving the conveyance to select one piece above another, and the Legislature, in enacting that certain persons holding under particular claims of title

---

[1] Act No. 275, Laws of 1881; Act No. 197, Laws of 1883.

should have patents issued to them, did not intend to make a sale of the land, in the ordinary acceptation of the term, but rather a confirmation of the title, which without the statute was nugatory. It was an act of grace by the State in favor of persons who had been deluded into buying lands relying upon the pretended title of Bowes and others, and which title had been declared by this Court to be worthless. *Toms v. Boyes,* 59 Mich. 389.

The rules relating to selections adopted in the land office do not apply to this case. It was competent for complainant to select from the descriptions contained in his deed what he desired patents for, not exceeding the quantity limited by the act; and we think the commissioner should have given him the opportunity of making such selection, and that the commissioner could not make the selection for him, unless upon request he refused to exercise his right.

It appears that the land cannot be subdivided, by the descriptions contained in the deed, so as to make just 160 acres. If a 40-acre tract is added to the first description, it will exceed the 160 acres by 2 acres. Complainant contends that he should be permitted to make such selection, and pay for the excess according to the minimum price designated by the act. But the law makes no provision for doing so, and he is entitled to nothing the law does not authorize. The question, therefore, is, can a government description be subdivided so as to give complainant the exact quantity of 160 acres? In *Potter v. Land Com'r,* 55 Mich. 490, it was intimated that this act, which confines original entries of improved lands to 160 acres might not improbably leave improved lands incapable of such claim because exceeding that amount; and if it would not permit a claim where the land was improved, and exceeded the amount, it certainly should not receive a construction which would permit unimproved lands to be subdivided to make the exact amount.

The difficulty of dividing a tract is well illustrated in this

case.    The land lies in two different towns.    Neither of the 40-acre tracts is adjoining to the other, and they are not all upon the same section.    If these 40-acre tracts are to be subdivided, how shall it be done?    The law does not pre-scribe, and manifestly it cannot be done in any manner with-out serious injury to the market value of the remaining land.    I do not think the law contemplated any division less than a subdivision recognized by the practice in the general land office of the United States government, and the least subdivision, except in cases of fractional lots, so recognized, is 40-acre tracts.    I am strongly impressed with the equity which arises in favor of complainant, and we can see no objection to the commissioner permitting complainant to select a sufficient quantity of land off of the east or west side of the 122-acre tract to make 160 acres.    The conclusion to which I have arrived is that the complainant may select the 122-acre tract, or the three tracts of 40 acres each, and will be entitled to a patent therefor upon filing such selection with the Commissioner of the State Land Office.

Under the facts stated in the bill, resort was properly had to a court of equity.    The commissioner had advertised the lands for sale, and it was right that he should be enjoined until complainant could make his selection.    Had there nothing remained but the enforcement of a legal duty, the proper remedy would have been *mandamus.*    Here the remedy required was something more, and justified the inter-position of a court of equity.

The decree of the circuit court must be reversed, the demurrer overruled, with leave to defendant to answer if he desires.    As the specific relief prayed for cannot be granted, no costs will be awarded in this Court.

As it was intimated upon the argument by the Attorney General that the design of the demurrer was to obtain a con-struction of the law if complainant was entitled to any relief, we presume that further action will not be necessary.    An

order will, however, be made, remanding the record, and the defendant granted leave to plead in 20 days after notice of the remand.

The other Justices concurred.