NORTHERN MICHIGAN BUILDING & LOAN ASSOCIATION *v.*
FORS.

MORTGAGES—EQUITY—REDEMPTION.

A mortgagee was bound in equity to afford an opportunity
to redeem to parties who had an interest known to it when
it foreclosed a mortgage on real estate without mentioning
them; and where they had been ready and able to do so
at any time, the court would grant an opportunity to re-
deem as a condition of equitable relief to the complainant
mortgagee.

Appeal from Houghton; O'Brien, J. Submitted
October 14, 1915. (Docket No. 86.) Decided Jan-
uary 3, 1916.

Bill by the Northern Michigan Building & Loan As-
sociation against John S. Fors and another to quiet
title to certain land. From a decree for defendants,
complainant appeals. Affirmed.

*Hanchette & Lawton,* for complainant.

*John Kiiskila* (*Burritt & Burritt,* of counsel), for
defendants.

MOORE, J. Some phases of this litigation have been
here before. See *Fors* v. *Fors,* 159 Mich. 156 (123 N.
W. 579) ; *Northern Building, etc., Ass'n* v. *Fors,* 171
Mich. 331 (137 N. W. 154). A reading of the opin-
ions in those cases will be helpful in the instant case.

After the last-named case was decided, the bill of
complaint in this case was filed. In it is stated in
great detail the making of the deed, the making of the
mortgage, its foreclosure, the efforts of the complain-
ant to get possession of the premises, the defendants'
refusal to vacate, and it avers that complainant is

without remedy except in a court of equity, and prays, among other things, that the title to the premises in controversy may be decreed to be in the complainant. The defendants answered in detail each of the averments in the bill and claim to be the owners of the property and that the deed involved in the controversy had been altered after it was made. The answer was in the nature of a cross-bill, and it admitted the mortgage should be paid, and averred that the defendants had offered to redeem therefrom, and averred that the premises are worth $3,500. An answer was made to the cross-bill. By stipulation of counsel the testimony taken in the two cases before mentioned which reached this court was received in evidence in this case. Other testimony was offered. The case was heard in open court. The trial judge in an opinion found the following facts:

"There is very little dispute concerning the facts necessary to a decision in this case. While it is disputed by the complainant, I am of the opinion that the defendant John S. Fors has occupied the east half of said lot under a claim of ownership from the 4th day of October, 1900, and the evidence certainly establishes the fact that on the day of the execution of said mortgage, the 26th day of July, 1905, the defendant John S. Fors was living on said premises under claim of ownership. The mortgage was foreclosed by advertisement against John S. Fors, Jr., on the assumption that John S. Fors, Jr., had the title in fee to said premises, although at the time of the foreclosure, and for a long time previous thereto, the complainant and its secretary and attorneys were all well aware that the defendant John S. Fors claimed to own said premises in fee simple. There is no question but that the bargain for the purchase of said property was made with the defendant John S. Fors, and that such defendant made valuable improvements on the premises. From an inspection of the deed itself from Herres to Fors, it is quite evident that the deed was altered either before or after the delivery thereof. I

am of the opinion that it was the intention of the parties at the time that the deed should run to John S. Fors. It is unnecessary, however, to decide this question in this case. The complainant saw fit to foreclose its mortgage by advertisement, and thereby assumed in spite of the fact that the defendant John S. Fors was then in possession of the premises, claiming to be the owner thereof and asserting a title which was adverse to the mortgagor John S. Fors, Jr.

"Now there is no doubt whatever that the complainant had a right to pursue this course and to foreclose by advertisement, and there is no doubt whatever that as far as John S. Fors, Jr., is concerned, his interest in said premises has been cut off and foreclosed by such foreclosure and the expiration of the equity of redemption.

"The complainant, however, is not resting on its title derived from such statutory foreclosure. It seeks now to confirm the same by means of a suit in chancery. It seeks to quiet its title against any claim of the defendants in this case. The defendants in their cross-bill are not seeking to avoid the payment of the mortgage, as the defendant John S. Fors unquestionably acquiesced in the securing of the loan by his son. It is claimed, however, by the defendants, that before the equity of the redemption expired they offered to redeem said premises.    *    *    *

"I am not able to say that the preponderance of the evidence established the proposition that there was an offer to redeem on the part of Mr. Kiiskila before the equity of redemption expired, although there have been offers to redeem since the expiration of the equity of redemption.

"I am inclined to think, however, that, as the complainant now seeks to absolutely cut off all the claims of the defendants in and to said premises in this suit, a court of equity should give the defendants an opportunity to redeem from the mortgage. He who seeks equity must do equity. The complainant will not suffer if its loan is paid in full, together with the costs of foreclosure, less the net rent which it has collected, after deducting the necessary and reasonable charges incident to the renting and taking care of said premises.

"Under all of the circumstances, a decree will be entered as prayed for by the defendants in their cross-bill. * * *

"Upon the payment of the sum to be so fixed, within six months from the date of the decree, the defendants will be permitted to redeem. * * *

"The decree shall further provide that, in case the defendants should not redeem said premises, then the complainant's title shall be forever quieted against the defendants in pursuance to the prayer of the bill of complaint."

Other proceedings were had, of which mention is made in a supplemental opinion by the trial judge as follows:

"The court filed an opinion in the above-entitled cause on the 19th day of November, 1913. There was some difficulty in settling the decree in conformance with the opinion, so that the decree was not finally signed until the 27th day of January, 1914. The decree, however, bore date of January 3, 1914. It was entered on the 30th day of January, 1914. According to the terms of the decree, the defendants were given six months from 'the date hereof to pay the amount of the mortgage, with interest,' and if the said defendants failed to do so their cross-bill was to be dismissed and costs to be taxed against them. Upon motion of the complainant, the time for filing its claim of appeal was extended for six months. This order was entered on the 2d day of March, A. D. 1914. The defendants paid the money into court as provided by the decree, on the 9th day of July, A. D. 1914. During the meantime, however, the complainant had the decree enrolled on the 7th day of July, A. D. 1914, and now claims that the defendants have failed to comply with the terms of the decree within the time fixed by the same, and that therefore the defendants have lost their right to redeem and all of their interest in the premises in controversy. * * *

"In my opinion the defendants have substantially complied with the terms of the decree. Within six months from the actual signing and entering of the decree they have paid their money into court. While

the decree was dated as of the 3d day of January, 1914, it was not actually signed until the 27th day of January, 1914, and not entered until the 30th day of the same month. This decree certainly did not become effective until it was signed, and perhaps not until it was entered. I take it therefore that the six months would not begin to run until at least the date of the signing of the decree. In any event, it seems to me that the complainant is estopped from now claiming that the defendants have not complied with the terms of the decree by reason of the fact that on the 2d day of March, A. D. 1914, the complainant was granted a six months' extension of time within which to file its claim of appeal and bond in said cause. There were therefore proceedings on an appeal pending at the time that the complainant had the decree and other papers enrolled. A decree is inoperative as a decree until it has received the filing marks of the clerk. Puterbaugh's Michigan Chancery, p. 183. The actual date of the decree was the 27th day of January, because it was on that date that it was actually signed.

"Under the circumstances, the defendants have sufficiently complied with the terms of the decree, and, as a claim of appeal was pending at the time of the enrollment of the decree, such enrollment was of no effect against these defendants."

The case is brought here by appeal.

The record fully sustains the findings of fact which we have quoted from the opinion of the judge. It has already appeared that complainant deemed itself without remedy without the aid of a court of equity. It is a well-established rule that those who seek equity must do equity. Long before complainant made the loan which it seeks to collect, the senior Fors was in possession of the premises; his claim is that he was in possession under a claim of ownership. He was an ignorant man. The record abounds with evidence that he has attempted to maintain his rights at all times and at the same time has been willing that complainant should be paid what is equitably its due. Justice

Campbell speaking for this court once said of parties who seek the aid of a court of equity:

"When they come here for relief, and are not willing to comply with equitable conditions, it is competent to give them their choice to do justice or to get their remedy where they can." *Miller* v. *Cornwell*, 71 Mich. 270 (38 N. W. 912).

See, also, *Goodenow* v. *Curtis*, 33 Mich. 505, and *Toms* v. *Boyes*, 59 Mich. 386 (26 N. W. 646). A perusal of the entire record satisfies us that the lower court reached a right result.

The decree is affirmed, with costs.

Stone, C. J., and Kuhn, Ostrander, Bird, Steere, Brooke, and Person, JJ., concurred.