PERSONAL FINANCE CO. OF PROVIDENCE *vs.* THE HENLEY-KIMBALL CO.

JULY 29, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of trover for the conversion of an automobile. At the trial of the case in the superior court, at the conclusion of all the evidence, the defendant moved that the trial justice direct the jury to return a verdict in its favor. He denied this motion, and in charging the jury directed them to return a verdict for the plaintiff, but left to them for their decision the amount of damages to which the plaintiff was entitled. The jury fixed this sum at $213.25. The defendant thereupon prosecuted its bill of exceptions to this court, containing exceptions to the refusal of the trial justice to grant its motion for a directed verdict, to portions of the charge to the jury, and to rulings made by the trial justice during the trial.

The following pertinent facts appear from the evidence. On September 5, 1935, one Grace entered into an agreement in writing with Frank Crook, Inc., a dealer in automobiles, to purchase from it a certain named and described second-hand automobile. This agreement stated that the purchase price of said automobile was to be $327, made up of a loan of $300 to be obtained by Grace from the plaintiff and $27 cash to be paid by him. On September 6, 1935, the plaintiff, a loan company, advanced to Grace the sum of $298, taking in return a promissory note for $300 payable in nineteen monthly installments and signed by Grace, his wife and another member of his family. These individuals at that time, and as security for the said loan, executed to the plaintiff a chattel mortgage on household furniture and on the automobile which is involved in this case and is described in the agreement between Grace and Frank Crook, Inc. The plaintiff recorded this mortgage September 10, 1935.

The loan in question from the plaintiff to Grace was made by means of a check for $298, dated September 6, 1935, and payable to the latter. On the end of this check,

placed there by the plaintiff, the following appeared written in ink: "In full to Frank Crook, Inc. for 1—1932 Plymouth Coach SN 1723748 MN-PB 47721." After receiving this check from the plaintiff on the above date, Grace took it at once to the office of Frank Crook, Inc. and delivered it in partial payment of the automobile in question. The check was endorsed by Grace to the order of Frank Crook, Inc. which endorsed the check and deposited it in a bank in Pawtucket, the perforations on the check showing that it was paid September 10, 1935. Apparently, however, Grace, who did not testify, did not have available in cash the remaining $29 necessary to complete the purchase price of the automobile, so, instead of obtaining then and there a bill of sale of the car, as he, the plaintiff and Frank Crook, Inc. had contemplated, Grace signed a note for that sum payable on September 10, 1935 to Frank Crook, Inc. The latter thereupon executed to him a lease or conditional sales agreement of the automobile. This instrument contained, among other things, a provision that title to the said automobile should remain in the lessor until the full purchase price therefor was paid. The automobile was then delivered to Grace who drove it away.

The evidence also shows that thereafter, on December 6, 1935, Grace became in default on his note to the plaintiff, which, however, did not take possession of and sell the said automobile, as it was authorized to do under the terms of its chattel mortgage. Further, Grace did not pay to Frank Crook, Inc. his above-mentioned note for $29 until March 31, 1936. Under date of April 14, 1936, he received from Frank Crook, Inc. a writing, in the nature of a receipted bill, referring by number to the automobile in question, which writing was described in the evidence as a bill of sale. On May 15, 1936, Grace sold and delivered the automobile, which had theretofore been in an accident, to the defendant, a dealer in automobiles, for the sum of

$175, and at the same time also turned over to it the said writing or receipted bill. The defendant on May 28, 1936, sold and delivered the automobile to one Wennebeck for $275.

The plaintiff contends that, on said last-mentioned date, it had title and a right to possession of the automobile involved, under the provisions of its chattel mortgage of September 6, 1935, and that the sale of said automobile by the defendant constituted a conversion for which it was liable to the plaintiff in damages. See *Woods* v. *Nichols,* 21 R. I. 537; *Combination Fountain Co.* v. *Millard,* 50 R. I. 50. The defendant, however, maintains that the mortgage executed by Grace on September 6, 1935, was not a valid chattel mortgage of the automobile in question, since Grace did not have either possession of the automobile or title thereto at the time he executed said mortgage; that the defendant later obtained good title to said automobile when it purchased the same from Grace; and that the plaintiff was remiss in not ascertaining that the transaction between Grace and Frank Crook, Inc. had been carried out as the parties had anticipated and intended.

While it is true, as the defendant argues, that Grace had neither absolute title to nor possession of the automobile at the precise time he executed the chattel mortgage thereof to the plaintiff, and that ordinarily, such being the case, said mortgage would be ineffectual to pass legal title to the mortgagee of the mortgaged property, yet the evidence herein discloses circumstances which differentiate the transaction in question from the usual case. The mortgage of the automobile to the plaintiff was executed by Grace immediately before he received from Frank Crook, Inc. the lease or conditional sales agreement of the car together with the actual possession thereof. The transactions were to all intents and purposes simultaneous. Further, at the time the mortgage was executed Grace, to the plaintiff's knowledge, had an agreement in writing

with Frank Crook, Inc. to purchase from it the specific automobile in question, and the loan was made and mortgage taken by the plaintiff to enable Grace to carry out his said agreement. The facts as to the transaction are not in dispute. We are of the opinion, therefore, that the only reasonable inference which can be drawn from such facts is that the happenings on September 6, 1935, in accordance with the evident intent of the parties, constituted one single, continuous transaction. Cases cited by the defendant dealing with the effect· of mortgages of personal property to be subsequently acquired by the mortgagor are not applicable to the facts herein on the present record. See *Williams* v. *Briggs,* 11 R. I. 476. In the instant case, since the facts in evidence disclosed a single and continuous transaction, Grace can properly be considered as having had possession of the automobile and the rights of a conditional vendee therein at the time the mortgage in question was made by him. Also, it may be noted that the mortgage before the court in *Carpenter* v. *Scott,* 13 R. I. 477 was made by a conditional vendee, having possession of the chattel, and was not treated as a mortgage of after-acquired property.

The plaintiff maintains that, if it did not receive title to the automobile at once on September 6, 1935, under the mortgage from Grace, it did receive such title on March 31, 1936, when Grace made his final payment on the automobile to Frank Crook, Inc. and thereafter received from it the so-called bill of sale. This contention rests upon the theory that Grace could on September 6, 1935, transfer by mortgage all his rights under the conditional sales agreement in question, and that when he received title to the automobile such title would pass directly to his mortgagee. On this point the plaintiff relies strongly on *Carpenter* v. *Scott, supra.*

That case, in our opinion, supports the plaintiff's contention that it received absolute title to the automobile

on March 31, 1936, a date some month and a half prior to the time that the defendant claims to have purchased said automobile from Grace. The *Carpenter* case was an action of replevin brought by a mortgagee, under a chattel mortgage executed by a conditional vendee in possession of the personalty mortgaged, against a deputy sheriff, who had attached and taken possession of said personalty in an action brought by a creditor of the conditional vendee against the latter, after such vendee had made all the installment payments due the conditional vendor under the conditional sales agreement, and after such vendee had thus received absolute title to the mortgaged chattel.

In that case this court held that the chattel mortgagee was entitled to the possession of the personal property in question as against the sheriff representing the attaching creditor. In referring to the rights of the conditional vendee the court stated at page 479: "Under it (the conditional sales agreement) the vendee acquires, not only the right of possession and use, but the right to become the absolute owner upon complying with the terms of the contract. These are rights of which no act of the vendor can divest him, and which, in the absence of any stipulation in the contract restraining him, he can transfer by sale, or mortgage. Upon performance of the condition of the sale, the title to the property vests in the vendee, or in the event that he has sold, or mortgaged it, in his vendee, or mortgagee, without further bill of sale."

The conditional sales agreement between Grace and Frank Crook, Inc., as appears from the evidence herein, contained a provision, the effect of which was to withhold from Grace authority to transfer any interest he had in such agreement to any other person, without the permission in writing of Frank Crook, Inc.; and also a further provision that if he mortgaged the automobile all payments under the agreement became due at once, and that Frank Crook, Inc. would have the right to take immediate

possession of the automobile and sell it. Apparently no such stipulation or condition appeared in the conditional sales agreement involved in the *Carpenter* case.

In our judgment, however, this difference does not prevent the principles laid down by the court in that case from applying to the facts as disclosed by the evidence in the present case. It is our opinion that the restraints upon Grace, hereinbefore referred to, which were set out in the conditional sales agreement entered into between himself and Frank Crook, Inc., were solely for the benefit of the latter, as the conditional vendor, in the same manner as was its retention of title in the automobile sold under such agreement. We so construe the reference made by the court in the *Carpenter* case to stipulations in a conditional sales contract imposing restraints upon a conditional vendee.

Any such stipulations or conditions which are contained in a conditional sales agreement do not prevent the conditional vendee from validly mortgaging such rights as he may have thereunder in the personal property which is covered by the agreement, but the mortgagee takes subject to all the stipulations and conditions which are contained therein for the benefit of the conditional vendor. Any such mortgage is not void, but the rights of the mortgagee, under such circumstances, may be lost if the conditional vendor acts to enforce the rights given him under the conditional sales agreement, in case the conditional vendee has breached any such stipulations or conditions. These, however, can be taken advantage of and enforced only by the conditional vendor, since they are for his benefit alone. Whenever all such stipulations and conditions are satisfied and complied with by the conditional vendee, and all necessary payments are made by him, and the conditional vendor has taken no steps to enforce any rights he may have concerning the personal property sold by him, then the conditional vendee obtains a clear title thereto, and such title,

under the authority of *Carpenter* v. *Scott, supra,* passes at once, directly, without further bill of sale to the mortgagee under the conditional vendee's chattel mortgage. In the instant case Frank Crook, Inc., the conditional vendor, took no action in connection with the automobile involved herein, and Grace made all the necessary payments.

We have heretofore held that the dealings which took place between the parties on September 6, 1935, in regard to the automobile, amounted to a single, continuous transaction. Therefore it follows that, when Grace executed his chattel mortgage to the plaintiff, it can be considered, as we have already stated, that he had possession of the automobile which was included among the chattels covered by that mortgage. In that respect he was in the same position as was the chattel mortgagor in the *Carpenter* case. In our opinion the holdings in that case govern the present case. We find, therefore, that the mortgage of September 6, 1935, from Grace to the plaintiff was valid on that date as a mortgage of the former's rights under the conditional sales agreement from Frank Crook, Inc., and that absolute title to the automobile covered by such agreement passed under said mortgage directly to the plaintiff on March 31, 1936, when Grace acquired said title. As to the nature and incidents of a chattel mortgage in this state, this court has held in *Howard* v. *McPhail,* 37 R. I. 21, at page 23: "For a personal property mortgage is more than a security; it transfers the legal title subject to defeasance only on performance of the conditions."

The defendant claims title to the automobile through Grace by reason of its purchase of the same from him on May 15, 1936. However, the soundness of the following holding by this court in *Howard* v. *McPhail, supra,* at page 23, is not questioned by the defendant: "This court in *Goodell* v. *Fairbrother,* 12 R. I. 233 and *Woods* v. *Nichols,* 21 R. I. 537, has stated the generally recognized principle that otherwise than by estoppel the purchaser acquires no

better title than the vendor from who he buys." The defendant then argues that, even if the plaintiff, under its mortgage of September 6, 1935, acquired title to said automobile on March 31, 1936, when Grace received title thereto, and even if the latter had no title on May 15, 1936 to pass to the defendant, yet, by reason of the facts and circumstances appearing in evidence herein, the plaintiff is estopped from successfully prosecuting its present claim against the defendant.

The latter urges that the plaintiff, by permitting Grace to have possession of the automobile, and by not following up the transaction which took place on September 6, 1935 between Grace and Frank Crook, Inc., in order to make sure that the former paid in full for the automobile and received therefor a bill of sale at that time, made it possible for him, who on that date became only the conditional vendee of the automobile, and did not get title thereto until March 31, 1936, and a bill of sale thereof until April 14, 1936, to mislead the defendant to its damage. The defendant contends that, under the circumstances it was obliged to examine the records of chattel mortgages only from March 31, or April 14, 1936 forward to May 15, 1936, the date of Grace's alleged sale to it of the automobile.

After consideration, we are of the opinion that the facts and circumstances, above referred to, are not sufficient to establish an estoppel in favor of the defendant such as would prevent the plaintiff from claiming under its mortgage against the defendant, and maintaining the present action. In cases where such an estoppel *in pais* has been recognized and applied ordinarily facts are present which show some affirmative conduct or statement on the part of the person against whom the estoppel is set up, directed to the person who is seeking to establish the estoppel, which conduct or statement caused the latter person to change his position to his loss or injury. Also, silence on the part

of one upon whom there is a duty to speak and make facts known, if damage follows, will likewise usually create such an estoppel. See *Dewey* v. *Field,* 4 Met. (Mass.) 381; *Platt* v. *Squire,* 12 Met. (Mass.) 494; *Haney* v. *Roy,* 54 Mich. 635.

In the instant case, however, the plaintiff took no affirmative action which affected the defendant. In fact, the plaintiff did not know that the defendant had had any dealings concerning the automobile, until after the car had been sold by the latter to Wennebeck. The defendant's contention is that the plaintiff failed to act with proper diligence and care on September 6, 1935, with the result that Grace was placed in a position to later mislead the defendant. The plaintiff had, however, taken the precaution to make the notation, above referred to, on its check to Grace which he in turn gave to Frank Crook, Inc. in payment for the automobile. The plaintiff evidently considered that this notation served to protect its interest in the car, at least as against Frank Crook, Inc. While undoubtedly, as events turned out, it would have been better if the plaintiff had followed the transaction through to see that it was carried out as the parties had intended, rather than to rely upon Grace to bring about that result, yet we cannot say that, under the circumstances, the plaintiff's negative conduct in that connection and its reliance upon Grace was unnatural or unreasonable, and was such as to give rise in the present case to an estoppel against it in the defendant's favor.

We find, therefore, that the plaintiff had under its mortgage, after March 31, 1936, a valid title as against the defendant in the automobile in question together with a right to its possession, at the time the defendant sold the car to Wennebeck, and that such sale constituted a conversion of the automobile for which the defendant is liable to the plaintiff. The action of the trial justice in denying the defendant's motion for a directed verdict,

and in directing in his charge that the jury return a verdict for the plaintiff was correct, there being no disputed question of fact for them to determine, and the defendant's exceptions to these rulings are overruled.

The defendant has prosecuted certain other exceptions to the charge of the trial justice. All except one are disposed of by our findings, hereinbefore set out, to the rulings of the trial justice in connection with the direction of a verdict. Such exceptions of the defendant are overruled. The remaining exception to the charge relates to the matter of the fair market value of the automobile at the time of the conversion. We have examined this exception and find it to be without merit, and it is overruled. The defendant has two other exceptions relating to the admission, over its objection, of evidence bearing upon the value of the automobile at the time of its conversion. In our opinion, the evidence in question was properly admitted by the trial justice. The same figures involved in these two exceptions were later placed in evidence without objection from the defendant. The latter, therefore, takes nothing by these exceptions, which are overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment for the plaintiff on the verdict.

*Nathan Perlman, Philip S. Knauer, Jr.,* for petitioner.
*Fergus J. McOsker,* for defendant.