MOODY *v.* TOWNSHIP OF SHELBY.

PLEADING — SUFFICIENCY OF DECLARATION — GENERAL ISSUE — WAIVER OF DEFECTS.

An objection that the averments of a declaration to the effect that the defendant township carelessly and negligently allowed a highway to become and remain out of repair, and in a dangerous and unsafe condition, in that the roadbed was improperly constructed, and that it knew, or by the exercise of reasonable care ought to have known, of the unsafe and dangerous condition of such highway, and that it thereafter had sufficient time to repair the same, and render it reasonably safe,—do not sufficiently allege notice to the township, a reasonable time thereafter for repair, and a failure to repair, is not open to the defendant after a plea of the general issue.

Error to Oceana; Russell, J.   Submitted June 10, 1896.
Decided July 28, 1896.

Case by Mary E. Moody against the township of Shelby
for personal injuries.   From a judgment for plaintiff, de-
fendant brings error.   Affirmed.

*A. E. Souter* and *Bundy & Travis*, for appellant.

*A. S. Hinds* and *Arthur Jones*, for appellee.

MOORE, J.   Plaintiff sued defendant for an injury re-
ceived on a highway in said township, and recovered a
judgment.   Defendant appeals.   The errors assigned
which it is necessary to consider relate to the declaration
and to the charge of the court.   The declaration, so far
as it is necessary to quote it here, reads as follows:

"And the plaintiff alleges that it was the duty of the
defendant to maintain said highway in repair and in a
reasonably safe condition for use, so that the public could
safely pass along said highway with horses and vehicles
at all times in safety; but that the defendant, disregard-
ing its duty in that regard, carelessly and negligently
allowed said highway, at a place a short distance west of
a certain school-house known as the 'Ames School,' to be-
come and remain out of repair, and in a dangerous and
unsafe condition, in that the roadbed over and upon
which the public were required to pass with horses and
vehicles was graded up from the level of the surrounding
land a distance of more than four feet, and the upper sur-
face of said roadbed was only about eight feet wide, and
was constructed in part of loose earth, which easily gave
way on each side, and by reason of the surface of said
roadbed being so narrow, and constructed of soft and loose
material, at that place, was unsafe and dangerous; and
that the defendant knew, or by the exercise of reasonable
care ought to have known, of the unsafe and dangerous
condition of said highway; and that thereafter the defend-
ant had sufficient time to repair the same, and to render
it reasonably safe for the public to pass and repass with
horses and vehicles.   *   *   *   And that the said fall
was not caused by any carelessness or negligence on her
part, or on the part of said Sturtevant, but was caused

solely by the negligence of the defendant in allowing the roadbed or the traveled part of said highway to be and remain too narrow for the reasonably safe passage of teams, and allowing it to be graded up above the surface of the surrounding land without causing it to be made wide enough for the safety of travelers with teams and vehicles, which caused the said highway at that place to be unsafe and dangerous, as aforesaid."

Defendant pleaded the general issue. It is claimed that there is no sufficient allegation of notice to the township of the defect in the highway, and of reasonable time to repair after notice, and failure to repair. The case comes within the decision in *Storrs* v. *City of Grand Rapids, post,* and cases therein cited.

It is alleged as error that the court refused to take the case from the jury because of the contributory negligence of plaintiff. We think the testimony upon that feature of the case presented a question for the jury, and that it was fairly and properly presented to them by the trial judge. *Harris* v. *Township of Clinton,* 64 Mich. 447 (8 Am. St. Rep. 842).

The other assignments of error relate to the charge of the court. A detailed discussion of them would not be of interest to any one except the parties to this litigation. While there are one or two sentences in the charge, if isolated and standing alone, that might be regarded as misleading, when they are taken in connection with the record as made, and the balance of the charge, they could not have misled the jury, and they do not constitute reversible error. *Lyon* v. *Watson,* 109 Mich. 390.

Judgment is affirmed.

LONG, C. J., MONTGOMERY and HOOKER, JJ., concurred. GRANT, J., did not sit.