WILLIAMS *v.* CITY OF WEST BAY CITY.

1. PLEADING—DEMURRER—WAIVER OF OBJECTIONS.

Objections to a declaration raised by demurrer are waived by pleading the general issue after the overruling of the demurrer, and going to trial upon the merits.

2. PERSONAL INJURIES—PHYSICIAN'S SERVICES—EVIDENCE.

In an action for personal injuries brought by an unmarried woman dependent on herself for support, the physician whom she called to attend her may testify to the value of his services.

3. TRIAL—REMARKS OF COURT—DISPARAGEMENT OF ATTORNEY.

An attorney at law, as an officer of the court, is entitled to such treatment from the trial judge that the interests of his client will not be prejudiced; and where such treatment is not accorded him, as where the court makes remarks well calculated to disparage the attorney in the eyes of the jury, a judgment against his client will be reversed.

4. SAME—CREDIBILITY OF WITNESSES.

It is improper for the court to indicate to the jury his opinion as to the credibility of the witnesses.

Error to Bay; Maxwell, J. Submitted January 25, 1899. Decided February 21, 1899.

Case by Susan Williams against the city of West Bay City for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*Lee E. Joslyn,* for appellant.

*John Golden* (*Van Kleeck & Anneke,* of counsel), for appellee.

MOORE, J. The plaintiff recovered judgment against defendant for injuries received by her upon a defective sidewalk. Defendant has appealed to this court, assigning a good many errors. All of them have been consid-

ered, but we do not deem it necessary to discuss them all.

It is claimed that the declaration is insufficient. Defendant demurred to the declaration, and, when the demurrer was overruled, did not rest upon the demurrer, but pleaded the general issue, and tried the case upon the merits. We think the declaration was sufficient, after the plea of the general issue, and a trial upon the merits is had. *Moody* v. *Township of Shelby*, 110 Mich. 396; *Storrs* v. *City of Grand Rapids*, Id. 483; *Snyder* v. *City of Albion*, 113 Mich. 275.

Dr. Tupper, who attended the plaintiff, was allowed to testify to the value of his services. This is said to be error; citing *Rogers* v. *Village of Orion*, 116 Mich. 324. The record shows plaintiff was a widow, who supported herself, and that she called Dr. Tupper as her physician. Under these circumstances, we think the testimony competent.

Plaintiff claimed that she received her injury on a defective walk. She gave testimony tending to show that a flagstone upon one of the principal streets of defendant city was displaced, causing a depression of three or four inches, and that by reason thereof the walk was not reasonably safe and fit for travel. It was the claim of the city that the walk was not defective. Testimony was given in support of each of these contentions. A witness called for the plaintiff testified in part, when the following occurred:

"*The Court:* How long did you know of that stone, or the existence of that defect in the walk, before the accident happened,—before March, 1897?

"*Mr. Joslyn:* I want to object to the question of the court in calling it a 'defect in the walk,' and ask for an exception to the question.

"*The Court:* I won't give you an exception to the question. I won't allow any exception to the question. Answer the question.

"*A.* It was there at least two years, and I think a great deal longer than that. In fact, I believe for four years I have noticed it. Every day seeing it, I cannot state in my mind the time, but I know not less than two years."

Counsel for defendant was examining a witness for the plaintiff, when, the following occurred:

"*Q.* Suppose that this flagstone is 15 inches wide; suppose that it extends over the curbstone three inches, and the curbstone is four inches wide; the north end of this piece would be just as much above the flagstone as the south side is below it, would it not?

"*A.* No, sir; it would not.

"*The Court:* What is the use of asking this question? Your brain seems to be out of order. You take a piece of iron or stone or plank, and put it over a fulcrum in the middle; if you depress one side, you raise the other up just as high; but this lies on top of the curbstone.

"*Mr. Joslyn:* I am not asking the question that way. I am asking upon the supposition that it extended three inches beyond the curbstone, and the curbstone was four inches, and that would make seven inches from the north end.

"*The Court:* What is the difference? I cannot hold a mathematical school here.

"*Mr. Joslyn:* But we will produce witnesses here to show it was not depressed two inches. I want to ask this witness these questions.

"*The Court:* Ask them how much it is depressed. I don't care how much it was going up."

A large discretion is given to a trial judge in controlling the examination of the witnesses, and we dislike to criticise his methods, unless it is manifest that an injustice has been done. An attorney at law is an officer of court, and he is a part of the system devised for the trial of causes. He is entitled to such treatment from the trial judge that the interest of his client will not be prejudiced. We think the criticism of the attorney by the court was well calculated to disparage the attorney in the eyes of the jury, and was prejudicial. *Wheeler* v. *Wallace*, 53 Mich. 355; *McDuff* v. *Detroit Journal Co.*, 84 Mich. 1 (22 Am. St. Rep. 673).

The deposition of Mr. Pierson was read in evidence. In his charge to the jury, the court commented upon it in the following language:

"One thing occurs to me: Mr. Pierson was examined,

and his deposition read here; and he testified that he had been in the habit of walking over that walk nine or ten times a day nearly every day, and that no repairs had been made on it for the last 20 years, I think he said.

"*Mr. Joslyn:* No; about six years ago he said it was repaired.

"*The Court:* Now, as a matter of fact it was repaired, as shown by the witnesses Anderson and Thorpe, some time last July. It shows the uncertainty of human observation and human recollection. I know of no interest Mr. Pierson had in testifying falsely, but it showed that he did not observe with that closeness that he thought he did. A similar observation might perhaps be made with propriety in regard to some of the other testimony."

Mr. Pierson was a witness for the defendant. His testimony was in conflict with some of the testimony offered on the part of the plaintiff. The credibility of the witnesses was for the jury. The trial court ought not to have indicated to the jury what he thought of this testimony. *Cronkhite* v. *Dickerson,* 51 Mich. 177; *People* v. *Hare,* 57 Mich. 505; *McDuff* v. *Detroit Journal Co., supra.*

The judgment is reversed, and a new trial ordered.

The other Justices concurred.