124      29|
s126      51|
124      29
s82NW 617|

## RENAUD *v.* CITY OF BAY CITY.

1. EVIDENCE—MARITAL RELATIONS—PUBLIC POLICY.
    In an action by a married woman for personal injuries, claimed to have resulted in a miscarriage, it was proper to exclude an answer to the question, asked her on cross-examination, whether or not she had intercourse with her husband after the accident and before the miscarriage, the testimony being inadmissible on grounds of public policy.

2. TRIAL—INSTRUCTIONS.
    Refusal to give a requested instruction is not error, where the subject-matter is substantially covered in the general charge.

3. SAME—CREDIBILITY OF WITNESSES—COMMENTS OF COURT.
    It was error for the court, in an action for injuries claimed to have been caused by a defective sidewalk, to comment in his charge to the jury upon the fact that certain witnesses, officers of defendant city, swore that the walk in question was perfectly safe, yet were continually repairing it, and rebuilt it immediately after the accident to plaintiff.

Error to Bay; Maxwell, J.   Submitted April 12, 1900. Decided May 2, 1900.   •

Case by Odile Renaud against the city of Bay City for personal injuries.   From a judgment for plaintiff, defendant brings error.   Reversed.

*Brakie J. Orr*, for appellant.

*H. C. Haller* and *I. A. Gilbert*, for appellee.

HOOKER, J.   The plaintiff claims to have been injured upon a sidewalk, for which she recovered a judgment for $1,000, and the defendant has appealed.   There are many assignments of error, which we have found it necessary to examine and consider, but, with one or two exceptions, it would be unprofitable to discuss them, as most questions raised are covered by former decisions.

The question asked plaintiff concerning her marital relations was opposed to public policy, and an answer was, therefore, properly excluded. 1 Greenl. Ev. §§ 333–335, 344.

Complaint is made of the refusal to give the defendant's third request, but it seems to have been substantially covered by the charge, which we have frequently said was a better practice that to give disconnected requests. *Aikin* v. *Weckerly*, 19 Mich. 501; *Fisher* v. *People*, 20 Mich. 144; *Kimball & Austin Manfg. Co.* v. *Vroman*, 35 Mich. 330 (24 Am. Rep. 558); *Marquette, etc., R. Co.* v. *Marcott*, 41 Mich. 439 (2 N. W. 795).

The conclusion of the charge was as follows:

"Now, gentlemen, I wish to add one word. The city is bound to make safe all of its sidewalks. How often an inspector shall pass over the walk, what efforts he shall make to ascertain their condition, is left without an arbitrary rule. They ought to be reasonably efficient, and, above all things pertaining to that subject, the inspector must be competent. He must be so competent that he can tell whether a walk is in repair or not in repair, and whether it is reasonably safe to pass upon or not safe. In this case there are some funny things. Men come here,—city officers,—and swear that the walk was perfectly safe, and go right along and repair it, and keep repairing it, and almost immediately rebuild it. These things may be considered by you in this case as affecting the thoroughness and competency of these inspectors."

It is claimed for the defendant that this misstated the testimony upon the subject of repairs, and laid down too strict a rule as to the obligation of the city in regard to the condition and inspection of the walk, and that it was an improper expression of opinion upon the merits of the case, having a tendency to prejudice the jury. We think this paragraph in the nature of an *addendum* should have been omitted. Without saying that a circuit judge may not discuss the testimony in his charges, such discussions should not be of a character to create a prejudice. See 3 Comp. Laws 1897, § 10243, and note. We think such

was the tendency here, and that the implication that the testimony of the defendant's witnesses was inconsistent with their admitted conduct was strong.  The statement that the city must make safe all its sidewalks, standing alone, was too stringent a rule.  This was qualified in the charge, however.

We feel constrained to reverse the judgment.  A new trial is ordered.

The other Justices concurred.