## CITY OF BAY CITY *v.* BAY CIRCUIT JUDGE.

SECURITY FOR COSTS—FAILURE TO FURNISH—MOTION TO DISMISS—LACHES—MANDAMUS.

A suit was commenced in April of one year, and plaintiff recovered judgment, which was reversed in May of the succeeding year. In August of the latter year, defendant moved to dismiss the cause because of plaintiff's failure to furnish security for costs. Defendant's attorney filed the affidavit in support of the motion, in which he positively stated that plaintiff had resided in Canada since before the institution of the suit, and was financially irresponsible, but it did not show how he acquired such information. *Held,* that an order denying the motion on the ground that it was made too late, and that there was no excuse for the delay, would not be vacated by *mandamus,* since it would be assumed from the affidavit that defendant's attorney knew the residence of plaintiff when the suit was commenced.

*Mandamus* by the city of Bay City to compel Theodore T. Shepard, circuit judge of Bay county, to dismiss an

action at law for failure to file security for costs.  Submitted December 4, 1900.  Writ denied February 27, 1901.

*Brakie J. Orr*, City Attorney, for relator.

*Henry C. Haller* and *Isaac A. Gilbert*, for respondent.

PER CURIAM.  This is an application for an order requiring the circuit judge to vacate an order refusing to grant a dismissal of a case on defendant's motion because of plaintiff's failure to furnish security for costs.  The suit was commenced on the 6th of April, 1899.  A trial was had, resulting in a verdict for the plaintiff.  December 12, 1899, a motion for a new trial was denied.  Subsequently a bill of exceptions was settled, and on May 2, 1900, the judgment was reversed by this court.  *Renaud* v. *City of Bay City*, 124 Mich. 29 (82 N. W. 617).  On the 27th of August, 1900, the relator filed a motion to dismiss the cause because of the failure of plaintiff to furnish security for costs.  The affidavit upon which this motion was based was that of the city attorney, stating that the plaintiff is now, and has been since the latter part of December, 1898, a resident of the Dominion of Canada, and that she is pecuniarily irresponsible.  The affidavit does not disclose when this information came to the affiant, but as the statement is made positively, and not on information and belief, it is to be assumed that the residence of plaintiff must have been known to the affiant when the suit was commenced.  A controversy has arisen as to the competency of an affidavit filed in opposition to this motion.  The circuit judge, however, appears to have rested his decision in part on the ground that the motion was made at too late a day, and returns that there was no excuse for the delay.  We think that upon this ground the ruling of the circuit judge was justified.  19 Enc. Pl. & Prac. p. 380, and notes.  The application will be denied.