FORS v. FORS.

1. DEEDS—ALTERATION—QUESTION OF FACT.
    It is a question for the jury to determine whether or not an alteration was made in a deed which contained the interlineation of the letter " S " in the grantee's name and the abbreviation, " Jr.," after it, referring to defendant's son, and which the defendant claimed he told the notary to execute to himself as grantee; his testimony being contradicted.

2. TRIAL—INSTRUCTIONS—ABSTRACT STATEMENTS OF LAW.
    The trial court may properly refuse to give to the jury instructions upon abstract questions which could in no way aid the jury in coming to a conclusion as to the facts.

3. SAME—INSTRUCTIONS TO JURY—INTIMATING OPINION OF JUDGE
—PERJURY—ALTERATION OF DEED—NOTARY PUBLIC.

 A charge which informs the jury that if a notary who testified
 in the case made certain alterations in a deed after its execu-
 tion, he is guilty of forgery and perjury, erroneously empha-
 sizes the opinion of the trial court upon a question of fact, and
 omits the theory that the notary might be mistaken in his
 recollection, or have believed he was entitled to change the
 instrument, or that he might have attempted to correct a sup-
 posed mistake in the conveyance.

Error to Houghton; Streeter, J. Submitted October
20, 1909. (Docket No. 126.) Decided December 10, 1909.

Ejectment by John S. Fors, Jr., and another against
John S. Fors, Sr., and another. A judgment for plain-
tiff is reviewed by defendants on writ of error. Re-
versed.

*John Kiiskila* (*Burritt & Burritt*, of counsel), for
appellants.

*Hanchette & Lawton*, for appellee.

MONTGOMERY, J. This is an action of ejectment to re-
cover the east half of a village lot in the Hancock Copper
Mining Company's addition to the village of Hancock.
The plaintiff and the defendant John Samuel Fors are
father and son.

It appears by the undisputed testimony that in 1900
Bernard Harris was the owner of the lot in question,
and in April a contract had been made for the pur-
chase of this lot. It is the claim of this defendant that
this contract was made in his name. The defendant
took possession of the lot on the 22d of May, made some
improvements, and on the 4th of October, 1900, the par-
ties met at the office of John Eichkern for the purpose of
having the deed prepared. The plaintiff accompanied the
defendant to this office, and the case centers upon what
occurred at this office at this time. A deed was there
prepared, and executed by Bernard Harris and wife;

possession of it was taken by Mr. Eichkern, and he, accompanied by the plaintiff, went to the office of a building and loan association; a mortgage was executed, the sum of $600 received, brought back by Mr. Eichkern to his office, and paid over to Harris as the balance of the consideration price.

The deed contains two interlineations. Between the words "John" and "Fors" appears the letter "S.," and after the word "Fors" appears the abbreviation "Jr." The theory of the defendant is that these alterations were made after the deed was executed, signed, and delivered to Eichkern. The only support of this contention is the appearance of the deed and the testimony of the defendant as to the *res gestœ.* He testifies that when the parties were together in the office, the scrivener, Mr. Eichkern, asked in whose name the deed should be made, and that the plaintiff said that it should be made in defendant's name, and that the deed was thereupon drawn up and executed. This testimony is disputed. The circuit judge was evidently of the opinion, and we agree with that opinion, that there was enough to make an issue of fact upon this question.

Errors are relied upon which do not require discussion. The circuit judge very properly stated to the jury that the case must turn upon the simple question of fact as to whether the alterations made in the deed were made before or after it was signed and acknowledged before the notary public. This was the single question in the case, and it was not error to decline to give instructions upon abstract questions which could in no way aid the jury in coming to a conclusion as to the fact.

We are constrained to hold, however, that the circuit judge inadvertently indulged in language, in the course of the instruction, which was well calculated to impress upon the jury his own views of the evidence most forcibly. He instructed the jury as follows:

"Now, it has been very properly said by the attorney

for the defendant that this is a very serious case, and, gentlemen, it is a very serious case for a reason which has not been pointed out to you at all in the argument of counsel. There is no question, under the testimony in this case, that different alterations were made in that deed by John J. Eichkern. They are not made by the plaintiff in this case at all. The testimony is absolutely without dispute. The alterations in the deed were made by John J. Eichkern. If he made these alterations after the deed was executed, he is guilty of forgery, and he ought to be in the penitentiary. If he made those alterations after the deed was executed, he is guilty of perjury on this stand, and ought to be in the penitentiary for that also. You are to consider these things in considering the question of when those alterations were made. They are in the case, and they are brought for your consideration."

The jury could not well fail to understand from this instruction what the views of the judge were upon the question of fact. Not only did he emphasize the fact that a verdict in favor of the defendant would seriously affect the witness Eichkern, but he excluded the theory of mistake on his part, either in his recollection or as to his right as a notary to alter the deed after it was executed. We can conceive of cases in which alterations might be made in a deed after it was executed, and the party not be guilty of technical forgery, if it was done for the purpose of correcting a supposed mistake. We are constrained to hold that this instruction was erroneous. See *Pokriefka* v. *Mackurat*, 91 Mich. 399 (51 N. W. 1059); *Sterling* v. *Callahan*, 94 Mich. 536 (54 N. W. 495); *Kelly* v. *Emery*, 75 Mich. 147 (42 N. W. 795); *Williams* v. *West Bay City*, 119 Mich. 395 (78 N. W. 328); and *Renaud* v. *Bay City*, 124 Mich. 29 (82 N. W. 617).

The judgment will be reversed, and a new trial ordered.

GRANT, OSTRANDER, MOORE, and McALVAY, JJ., concurred.