## Toms *v.* VREELAND.

TRIAL — CONDUCT OF COURT — PREJUDICIAL REMARKS OF TRIAL
JUDGE.

In an action brought by a sister-in-law of defendant to recover
for board and other services furnished to defendant's wife, it
was error for the court to state, during the taking of testi-
mony, that plaintiff had proved her theory, that defendant
was bound to pay for his wife's board, etc., and to intimate
by other remarks his opinion that plaintiff was entitled to re-
cover.

Error to Wayne; Donovan, J. Submitted June 19,
1911. (Docket No. 94.) Reargued October 16, 1911.
Decided November 3, 1911.

Assumpsit by Sarah S. Toms against Charles T. Vree-
land for services, etc., rendered to defendant's wife.
Judgment for plaintiff. Defendant brings error. Re-
versed.

*Edward M. Vining,* for appellant.

*James H. Pound,* for appellee.

McAlvay, J. Plaintiff recovered a judgment against
defendant in an action of assumpsit for services claimed
to have been rendered in boarding, caring for, and pro-
viding clothing, medicines, and the services of a physi-
cian for the wife of defendant. Defendant asks for a
reversal by this court on account of errors claimed to have
been committed by the court during the course of the
trial.

The record shows that defendant and his wife lived on
a small farm of 30 acres, owned by the entireties, near
Eloise, in Wayne county. The wife was somewhat men-
tally unbalanced. He desired her cousin, a Mr. Reed,
who with his wife lived in Detroit, to take Mrs. Vreeland

into his home for a short time to see if they could do something for her, and for the purpose of treatment at Detroit, and asked Reed and his wife to come out to his place and bring Mrs. Vreeland back with them. Defendant had told them that his wife was not in her right mind, and that she had left his home and gone to the house of a neighbor. She was found there by Mr. Reed, and went to her own home with them, and from there was brought by them to Detroit. Defendant told them that when they could no longer keep her to send for plaintiff, her sister, to take her. Mrs. Vreeland remained at Reeds' two or three weeks, and during the most of that time was very sick. Plaintiff was sent for by them. She came and helped nurse her sister until she could be moved, when she took her to her own home.

Afterwards, on April 14, 1904, and while Mrs. Vreeland was at the home of plaintiff, Mr. Reed wrote to defendant a letter, in which he stated:

" I just want to see you in regard to Jane [Mrs. Vreeland], and see which is the cheapest way to treat her, if she is to be treated. I think we can devise some plan when I see you."

The record does not show that anything resulted from this letter, and defendant's wife remained with plaintiff. In June, 1904, it appears from the record that the parties to this suit had a settlement in full to that date for all services and charges of plaintiff. The foregoing facts appear to be undisputed. The claim of the plaintiff is for board, etc., furnished from June, 1904, until December, 1907, for which she recovered a judgment for $1,541.55. She testified that defendant left his wife at her home, and never came there afterwards, or had any dealings with her in relation to his wife.

Defendant claims that on June 4, 1904, he paid the plaintiff in full to June 17th, and at the same time told her he could not afford to pay any longer; that on or before the date last mentioned he notified plaintiff by registered letter that he would not pay his wife's board any

longer, and produced the receipt card signed by her; that he also advertised in the Detroit Times that he would pay no debts of his wife's contracting, and sent plaintiff by mail a marked copy. He also claims that he has always been ready and willing to support and care for his wife at home; that they never quarreled, and plaintiff broke up his home; that on June 15, 1904, his wife wrote him the following letter in evidence:

*"Dear Charlie:*
"We intend to come out Sunday, June 19, 1904, if nothing happens. Please be there and meet us at Eloise station at 2 o'clock in the afternoon. Please write soon and let me know how you are. Goodbye, from your wife, Jennie."

Upon the facts in the case, which are in dispute, there was a sharp disagreement between the parties.

Many errors are assigned upon the remarks of the court, interjected during the trial, in commenting and passing upon objections in the presence of the jury, claimed by defendant to have been clearly prejudicial to him. Sufficient of these statements will be quoted to indicate their character, as follows:

"*Plaintiff's Attorney:* The theory is that this woman was taken away at the request of the defendant, and that he never got her back.
"*Defendant's Attorney:* There are two theories. Mr. Pound has one, and I have the other.
"*The Court:* He has proven his one.
"*Defendant's Attorney:* I am trying to prove by cross-examination mine."

Further colloquy occurred, and the court said:

"We are suing for the time when he said, 'Reed, you take her home, and when you cannot take care of her turn her over to Mrs. Toms.' Passed her off his hands. You might just as well engage pasture for a horse or feed for a cow. Made a bargain. He said, 'You go and take care of her,' and he was bound to pay for her so far."

Later the court said:

" You go on and put in your case, and you will never get your case out of their side. You will have to make it yourself."

To which statement defendant excepted, and the court added, " If you have a case." Later, when counsel for defendant was cross-examining plaintiff, the court interposed the following:

" *The Court:* Did he, either by talk or act, express to you that he wanted her taken care of, or did he want her turned out like an animal to die ? Tell the jury that."

From the foregoing quotations, it clearly appears that the jury must have understood the attitude and personal opinion of the court upon the subject under consideration. Such conduct, to say the least, was unfortunate and without excuse, and constituted prejudicial error. We find nothing in the conduct of the attorney which will warrant the criticism which may be inferred from some of the remarks of the court. This court has held much less pointed statements made by the trial judge, both as to the facts and the treatment of an attorney in a case, not permissible. *Wheeler* v. *Wallace,* 53 Mich. 355 (19 N. W. 33, 37); *People* v. *Hare,* 57 Mich. 505, 515 (24 N. W. 843); *McDuff* v. *Journal Co.,* 84 Mich. 1, 9, 10 (47 N. W. 671, 22 Am. St. Rep. 673); *Williams* v. *West Bay City,* 119 Mich. 395 (78 N. W. 328); *In re Stockdale's Estate,* 157 Mich. 606 (122 N. W. 279), and cases cited; *Fors* v. *Fors,* 159 Mich. 159 (123 N. W. 579), and cases cited.

Some errors were assigned to portions of the charge which would warrant the application of the same rule, but, as a repetition upon another trial is improbable, the matter requires no discussion.

The judgment is reversed, and a new trial ordered.

OSTRANDER, C. J., and BIRD, STEERE, MOORE, BROOKE, BLAIR, and STONE, JJ., concurred.